

FILE
JUL - 6 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                        Criminal No. 3:18-cr-34

TERRAIL LAMONT JENNINGS,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Defendant's MOTION TO DISMISS COUNT TWO OF THE INDICTMENT (ECF No. 14). For the following reasons, the motion will be denied.

## BACKGROUND

This case involves the prosecution of Defendant Terrail Lamont Jennings for Interference with Commerce by Robbery ("Hobbs Act Robbery") in violation of 18 U.S.C. § 1951 (Count 1) and for Use and Carrying of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c). See Indictment 1. The Indictment alleges, it appears, that Jennings brandished a firearm at an Exxon gas station and convenience store in Richmond, Virginia and demanded all the money in the cash register. See Indictment 1-2.[1] Jennings moves to dismiss Count 2 of the Indictment, i.e., the firearm offense.

---

[1] Although this argument has not been raised, the Court has

## THE STANDARDS GOVERNING FED. R. CRIM. P. 12(b)

Although Jennings does not clarify the procedural ground for his motion to dismiss, the Court construes it as a motion to dismiss under Fed. R. Crim. P. 12(b)(3).

Fed. R. Crim. P. 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Under Fed. R. Crim. P. 12(b)(3), a defendant may raise, by pretrial motion, the issue of "a defect in the indictment or information, including . . . failure to state an offense," at least so long as "the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). "The defendant is entitled to dismissal if he shows that the indictment's allegations, 'even if true, would not state an offense.'" United States v. Whyte, 229 F. Supp. 3d 484, 488 (W.D. Va. 2017) (citations omitted).

---

concerns about the Indictment. Specifically, nothing in the Indictment links Jennings' crime to the Exxon station. See Indictment 1-2. Rather, the Indictment simply observes in one paragraph that a particular Exxon station is located in Richmond and operates in interstate commerce; and it then states in the next paragraph that "defendant brandished a firearm and demanded that Z.H. give him all of the money in the cash register." Indictment 1-2. Nothing specifies where the crime was committed or otherwise suggests that the Exxon station is in any way relevant to the offense. Nor does the Indictment connect Z.H. with the Exxon station or otherwise place the brandishing in the Exxon station.

**DISCUSSION**

Jennings argues that the Indictment should be dismissed as to Count 2 because Hobbs Act Robbery cannot legally qualify as a "crime of violence" under 18 U.S.C. § 924(c), which is the basis for Jennings' firearm charge. Def. Br. 1. He asserts that "crime of violence" is defined in two ways under 18 U.S.C. § 924(c), and he claims that one definition does not encompass Hobbs Act Robbery and that the other definition is unconstitutionally vague. Def. Br. 1-2.

**I.    18 U.S.C. § 924(c)**

18 U.S.C. § 924(c)(1)(A) imposes criminal penalties upon "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is defined as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

<u>Id.</u> § 924(c)(3). The first clause is called "the Force Clause" and the second is referred to as "the Residual Clause."[2]

## II. The Force Clause

Jennings argues that the Force Clause does not encompass Hobbs Act Robbery. Def. Br. 10-15. That argument, however, is unpersuasive.

### A. The Categorical Approach

#### 1. Introduction to the Categorical Approach & Its Applicability

A threshold matter involves the mode of analysis. When assessing whether an offense qualifies as a crime of violence under 18 U.S.C. § 924(c), courts typically apply what is known as the "categorical approach." <u>See</u> <u>United States v. Evans</u>, 848 F.3d 242, 245-46 (4th Cir. 2017). "Under the categorical approach, [courts] analyze only the elements of the offense in question, rather than the specific means by which the defendant committed the crime." <u>Id.</u>

The parties do not dispute that the categorical approach applies to the Force Clause. And, although "[u]ntil very recently, the categorical approach was limited to the sentencing context," <u>see</u> <u>United States v. McDaniels</u>, 147 F. Supp. 3d 427,

---

[2] Note that there is no dispute that Hobbs Act Robbery is a felony. Nor could there be, given that 18 U.S.C. § 1951 authorizes a maximum sentence of 20 years. <u>See</u> 18 U.S.C. §§ 1951(a); 3559(a).

431 (E.D. Va. 2015), that has since changed. In recent years, the Fourth Circuit has made clear that courts should apply the categorical approach to the question of whether an offense is a crime of violence at all stages of a proceeding. See, e.g., Evans, 848 F.3d at 244-48 (affirming the district court's denial of a pre-trial motion to dismiss the indictment based on the categorical approach); United States v. Fuertes, 805 F.3d 485, 497-99, 501 (4th Cir. 2015) (reversing the district court's denial of a post-trial motion for judgment of acquittal and remanding for entry of judgment of acquittal based on the categorical approach).

## 2. The Modified Categorical Approach

There is a question as to whether the plain or "modified" categorical approach governs here. As the Fourth Circuit has explained:

> Only in a "narrow range of cases," when a crime is divisible, do we employ the "modified categorical approach," in which a court may consider a limited set of documents to determine the basis of a defendant's conviction. A crime is divisible when it includes multiple "alternative elements" that create different versions of the crime, at least one of which would qualify under the federal definition and at least one of which would not.
>
> A crime is not divisible simply because it may be accomplished through alternative means, but only when alternative elements create distinct crimes.

5

United States v. Gardner, 823 F.3d 793, 802 (4th Cir. 2016) (citations omitted). In applying the modified categorical approach, courts may consider, inter alia, "the charging document and jury instructions." See United States v. Lopez-Collazo, 824 F.3d 453, 463 (4th Cir. 2016) (citations omitted); see also Gardner, 823 F.3d at 802.

18 U.S.C. § 1951 qualifies for the modified categorical approach. The statute states, in relevant part:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) As used in this section--
>
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.
>
> (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

18 U.S.C. § 1951.

In <u>United States v. Hancock</u>, 168 F. Supp. 3d 817 (D. Md. 2016), the district court thoughtfully explained why, in assessing 18 U.S.C. § 1951, the modified categorical approach should be used. After recognizing that courts have reached differing conclusions as to the divisibility of 18 U.S.C. § 1951, the court in <u>Hancock</u> observed:

> This confusion is understandable because the Hobbs Act contains both divisible and indivisible provisions. . . . Clearly, there are multiple disjunctive phrases in [18 U.S.C. § 1951(a)]. But the relevant question is whether they represent alternative means of accomplishing one element or whether there are alternative elements proscribed for proving the crime. The answer is found in § 1951(b) wherein the Hobbs Act explicitly provides at least two alternative elements: one in subsection (b)(1) for robbery and an alternative for extortion in subsection (b)(2). Thus, the Hobbs Act is divisible as there are two or more alternative sets of elements. The Court must therefore use the modified categorical approach <u>but</u> may only do so to determine which of these forms of the Hobbs Act (robbery or extortion) is at issue in this case.

<u>Id.</u> at 820-21 (citations omitted).[3] And, other decisions have applied the modified categorical approach to 18 U.S.C. § 1951 (or recognized that courts have done so). See <u>United States v.</u>

---

[3] There may be other alternative elements within 18 U.S.C. § 1951(a), but that is irrelevant to the analysis herein. <u>See</u> 18 U.S.C. § 1951(a).

Herstch, 3:17-cr-92, 2017 WL 4052383, at *3 n.6 (E.D. Va. Sept. 12, 2017); United States v. Clarke, 171 F. Supp. 3d 449, 452-53 (D. Md. 2016); United States v. Redmond, 3:14-cr-226, 2015 WL 5999317, at *2-3 (W.D.N.C. Oct. 13, 2015).

In determining which alternative element is at issue here, it is necessary to look no further than the Indictment. The language therein clearly indicates that Jennings has been charged with Hobbs Act Robbery rather than Extortion. Indictment 1-2.[4] Thus, the appropriate analysis to be made here is whether Hobbs Act Robbery categorically constitutes a crime of violence under the Force Clause of 18 U.S.C. § 924(c). To that we now turn.

### 3. Analyzing Crimes of Violence Under the Categorical Approach

There are several guiding principles that inform the analysis of whether an offense is a crime of violence under the categorical approach.

The first principle relates to how an offense is analyzed under the categorical approach. As the Fourth Circuit has instructed:

> In making the determination of whether the offense meets the requirements of the force clause, "we focus on 'the minimum conduct

---

[4] Among other things, the heading of the Indictment characterizes Jennings' 18 U.S.C. § 1951 offense as "Interference with Commerce by Robbery." Indictment 1.

8

> necessary for a violation.'" "Such <u>minimum</u>
> <u>culpable conduct</u> includes any conduct to
> which there is a 'realistic probability, not
> a theoretical possibility'" against which
> the law would be enforced.

<u>United States v. Diaz</u>, 865 F.3d 168, 178 (4th Cir. 2017) (emphasis added) (citations omitted).[5] Furthermore, the Supreme Court has made clear that:

> To show that realistic probability, an
> offender, of course, may show that the
> statute was so applied in his own case. But
> he must at least point to his own case or
> other cases in which . . . courts in fact
> did apply the statute in the special
> (nongeneric) manner for which he argues.

<u>Gonzales v. Duenas-Alvarez</u>, 549 U.S. 183, 193 (2007).[6]

---

[5] The above passage dealt with the Force Clause under 18 U.S.C § 16. <u>Diaz</u>, 865 F.3d at 178. However, the language of the Force Clauses of 18 U.S.C. §§ 16 and 924(c) are identical (except that the offense must be a felony under 18 U.S.C. § 924(c)). <u>Compare</u> 18 U.S.C. § 16(a), <u>with</u> 18 U.S.C. § 924(c)(3)(A). And, although the Fourth Circuit does not appear to have ruled on this issue directly, it seems clear that the above analytical framework would apply to 18 U.S.C. § 924(c). <u>See</u> <u>United States v. Gale</u>, 4:17-cr-47, 2017 WL 3037796, at *5 (E.D. Va. July 18, 2017); <u>United States v. Tyree</u>, 3:16-cr-22, 2016 WL 7441715, at *2 (W.D. Va. Dec. 23, 2016), <u>appeals docketed</u>, Nos. 17-4511, 17-4512, 14-4516 (4th Cir. Aug. 9, 2017), 17-4528 (4th Cir. Aug. 14, 2017). And, the Fourth Circuit drew the framework set out above from <u>other</u> categorical approach contexts. <u>See</u> <u>Diaz</u>, 865 F.3d at 178.

[6] Again, this passage dealt with another context (whether an offense was a "theft offense" under 8 U.S.C. § 1101(a)). <u>Duenas-Alvarez</u>, 549 U.S. at 185-86, 193. However, the Fourth Circuit has applied this standard in <u>different</u> categorical approach contexts. <u>See, e.g.</u>, <u>United States v. Covington</u>, 880 F.3d 129, 131-32, 135 (4th Cir. 2018). And, in <u>Tyree</u>, the Western District of Virginia applied this principle to the Force Clause of 18 U.S.C. § 924(c). <u>See, e.g.</u>, <u>Tyree</u>, 2016 WL 7441715, at *2.

The second principle respects the type of force required to qualify as a crime of violence under the Force Clause. The Fourth Circuit has resolved that issue as follows:

> As used in subparagraph (A), the statutory phrase "physical force" requires the use of "violent force," which necessarily "connotes a substantial degree of force." In order to qualify as "violent physical force," the degree of force employed must be "capable of causing physical pain or injury to another person."

Evans, 848 F.3d at 245 (citations omitted); see also United States v. Middleton, 883 F.3d 485, 489 (4th Cir. 2018) ("'[P]hysical force' . . . must be both physical (exerted through concrete bodies) and violent (capable of causing pain or injury to another). De minimus physical force, such as mere offensive touching, is insufficient . . . because it is not violent.").[7]

### B. Whether Hobbs Act Robbery Is a Crime of Violence Under the Force Clause

#### 1. Defendant's Arguments

Jennings raises three arguments to demonstrate that Hobbs Act Robbery is not a crime of violence under the Force Clause.

---

[7] Middleton dealt with the Force Clause under 18 U.S.C. § 924(e). Middleton, 883 F.3d at 488-89. However, Evans drew the definition of force applicable to 18 U.S.C. § 924(c) from cases interpreting 18 U.S.C. § 924(e) (and 18 U.S.C. § 16). See Evans, 848 F.3d at 245.

First, he claims that Hobbs Act Robbery cannot be a crime of violence because "violation of the statute can result from future threats to intangible property" and therefore "encompasses conduct that falls outside the scope of violent physical force to persons or property." Def. Br. 12. Jennings asserts that "property" is defined broadly under the Hobbs Act and includes "intangible assets, such as rights to solicit customers and to conduct a lawful business." Def. Br. 12 (citations omitted). He states that Hobbs Act Robbery could "be committed via threats to cause a devaluation of some economic interest like a stock holding," which would not be threats of violent force. Def. Br. 12.

Second, Jennings maintains that Hobbs Act Robbery can be accomplished "by placing another in fear of injury," which could be done, for instance, "by withholding medicine or food" and which would not require violent force. Def. Br. 13. And, he relies on United States v. Torres-Miguel, 701 F.3d 165 (4th Cir. 2012) for the proposition that "the threat of physical injury . . . does not necessarily require the use of physical force-let alone 'violent force.'" Def. Br. 13.

Third, Jennings argues that the force necessary to commit Hobbs Act Robbery is less than that necessary to qualify as a crime of violence. Def. Br. 13. He posits that "a threat of injury to tangible property does not require the threat of

11

violent force" and points to examples such as "throwing paint on someone's house, pouring chocolate syrup on one's passport, or spray painting someone's car." Def. Br. 13. And, he avers that Hobbs Act Robbery "is a species of common law robbery" (citing United States v. Nedley, 255 F.2d 350, 357 (3d Cir. 1958)); that common law robbery requires only de minimis force; and that the Fourth Circuit recently decided that certain states' robbery offenses do not count as crimes of violence under 18 U.S.C. § 924(e) because they only required de minimis force (citing Gardner, 823 F.3d at 803-04; United States v. Winston, 850 F.3d 677, 685 (4th Cir. 2017)). Def. Br. 14-15.

## 2. Analysis

Jennings' arguments as to the Force Clause are wholly unavailing. First, the overwhelming majority of courts have held that Hobbs Act Robbery qualifies as a crime of violence under the Force Clause. Second, Jennings has shown no "reasonable probability" that the Hobbs Act Robbery provision would be enforced in such a way as to remove it from the crime of violence category.

### i. The Weight of Authority

As an initial matter, every Court of Appeals to have ruled on the issue to date has held that Hobbs Act Robbery constitutes a crime of violence under the Force Clause. See United States v. Melgar-Cabrera, ___ F.3d ___, 2018 WL 2749713, at *5-10 (10th Cir.

12

2018); United States v. Hill, 890 F.3d 51, 55-60 (2d Cir. 2018); United States v. St. Hubert, 883 F.3d 1319, 1328-29 (11th Cir. 2018); Diaz v. United States, 863 F.3d 781, 783-84 (8th Cir. 2017); United States v. Gooch, 850 F.3d 285, 292 (6th Cir. 2017); United States v. Rivera, 847 F.3d 847, 848-49 (7th Cir. 2017); United States v. Buck, 847 F.3d 267, 274-75 (5th Cir. 2017); United States v. Howard, 650 F. App'x 466, 468 (9th Cir. 2016).[8] The remaining Courts of Appeals have not suggested that the view of their sister Circuits is incorrect.[9]

Furthermore, courts in this district have consistently reached the same conclusion. See, e.g., Herstch, 2017 WL 4052383, at *2-5; United States v. Gale, 4:17-cr-47, 2017 WL 3037796, at *4-5 (E.D. Va. July 18, 2017); Reed v. United States, 1:13-cr-48, 1:16-cv-850, 2017 WL 2541406, at *2 (E.D.

---

[8] The Third Circuit avoided the issue by evaluating whether a defendant's combined convictions under 18 U.S.C. §§ 924(c) and 1951 constituted a crime of violence. See United States v. Robinson, 844 F.3d 137, 144 (3d Cir. 2016) ("The question, therefore, is not 'is Hobbs Act robbery a crime of violence?' but rather 'is Hobbs Act robbery committed while brandishing a firearm a crime of violence?' The answer to this question must be yes."). However, the Third Circuit has certainly not held that Hobbs Act Robbery is not a crime of violence under the Force Clause.

[9] In a concurring opinion, Judge Millett of the D.C. Circuit recently noted that Hobbs Act Robbery "would seem to be a crime of violence under Section 924(c)'s elements clause, 18 U.S.C. § 924(c)(3)(A), without any need to resort to the residual clause." See United States v. Eshetu, 863 F.3d 946, 961 (D.C. Cir. 2017) (Millett, J., concurring in part and concurring in the judgment).

Va. June 12, 2017), appeal docketed, No. 17-7043 (4th Cir. Aug. 14, 2017); United States v. Jimenez-Segura, 206 F. Supp. 3d 1115, 1132-34 (E.D. Va. 2016); Brown v. United States, 163 F. Supp. 3d 315, 316 (E.D. Va. 2016), appeal docketed, No. 16-6618 (4th Cir. Apr. 29, 2016); United States v. Bennett, 3:15-cr-134, 2016 WL 354753, at *3-5 (E.D. Va. Jan. 27, 2016); United States v. Standberry, 139 F. Supp. 3d 734, 737-40 (E.D. Va. 2015). Jennings has pointed to no decision within this district that has held to the contrary, and the Court has found no such ruling.[10]

The Court is attentive to the reasoned determinations of other courts and, accordingly, the overwhelming consistency in decisions weighs heavily against Jennings' position.

## ii. The Merits of Defendant's Arguments

The substance of Jennings' position provides the Court with no reason to depart from the judicial consensus on the issue of whether Hobbs Act Robbery is covered by the Force Clause. Although Jennings claims that he is presenting three separate arguments, in reality his assertions can be distilled to one point: Hobbs Act Robbery could encompass conduct that falls

_____

[10] Indeed, the conclusion that Hobbs Act Robbery falls within the Force Clause is otherwise widespread. See, e.g., United States v. Vanderhorst, 4:17-cr-865, 2018 WL 2462873, at *2-5 (D.S.C. May 31, 2018); United States v. Privette, 5:16-cr-183, 2017 WL 2592421, at *1-3 (E.D.N.C. June 14, 2017); Tyree, 2016 WL 7441715, at *1-4; Hancock, 168 F. Supp. 3d at 821-24.

14

below the level of force required to qualify as a crime of violence under the Force Clause. To support this contention, Jennings raises colorful hypothetical examples of conduct that might satisfy the Hobbs Act but not the Force Clause.

Considering the central thrust of those arguments, Jennings' claim falters at the outset because he has in no way shown a "realistic probability" that Hobbs Act Robbery could ever extend to the hypothetical situations he highlights (or to any conduct that would not come within the ambit of the Force Clause). See Diaz, 865 F.3d at 178 (citations omitted). He cites not one case in which "courts in fact did apply the statute in the special (nongeneric) manner for which he argues." See Duenas-Alvarez, 549 U.S. at 193. Indeed, the Hobbs Act cases that Jennings actually cites involved Hobbs Act Extortion, not Hobbs Act Robbery.[11] As the District of Maryland observed in analyzing those very cases:

> Defendant first argues that "a person may violate the Hobbs Act robbery statute by placing another person in fear of injury to his intangible property," and that it is therefore possible to commit Hobbs Act robbery without applying physical force to a person or his property. As authority, Defendant cites a handful of old cases: United States v. Arena, 180 F.3d 380 (2d Cir. 1999), abrogated in part by Scheidler

---

[11] Jennings does cite Nedley, a Hobbs Act Robbery case, for the proposition that Hobbs Act Robbery is a species of common law robbery. Def. Br. 13. That issue is addressed below.

15

> v. Nat'l Org. for Women, Inc., 537 U.S. 393, 123 S. Ct. 1057, 154 L.Ed.2d 991 (2003); United States v. Local 560, Int'l Bhd. of Teamsters, 780 F.2d 267 (3d Cir. 1985); and United States v. Iozzi, 420 F.2d 512 (4th Cir. 1970).
>
> Defendant's argument is unpersuasive. First, the cases on which Defendant relies are not Hobbs Act robbery cases; they are Hobbs Act extortion cases. As the Court explained above, the Hobbs Act is a divisible statute in that it proscribes two independent forms of wrongdoing with their own constituent elements . . . . Plainly, then, it is possible to extort within the meaning of the Hobbs Act without applying any force whatsoever (e.g., under color of official right). It does not therefore follow that it is possible to rob under the Hobbs Act without force or threat of force.

United States v. Clarke, 171 F. Supp. 3d 449, 453-54 (D. Md. 2016) (citations omitted).

It is perhaps vaguely possible, as Jennings claims, that threatening to devalue someone's stock holdings, withholding food or medicine, throwing paint on someone's house, pouring chocolate syrup on someone's passport, or spray painting someone's car would not be sufficient to qualify as crimes of violence under the Force Clause. But, there is no case law to show a "realistic probability" that those actions (or any others that might not be considered crimes of violence) would qualify as Hobbs Act Robbery. See Diaz, 865 F.3d at 178 (citations omitted). Given the veritable "chorus" of decisions that have found Hobbs Act Robbery to be a crime of violence under the

Force Clause (and therefore to criminalize only such conduct as would qualify under the Force Clause), that is fatal to Jennings' position. See Gale, 2017 WL 3037796, at \*4-5; United States v. Tyree, 3:16-cr-22, 2016 WL 7441715, at \*3 (W.D. Va. Dec. 23, 2016), appeals docketed, Nos. 17-4511, 17-4512, 14-4516 (4th Cir. Aug. 9, 2017), 17-4528 (4th Cir. Aug. 14, 2017); see also Hill, 890 F.3d at 57 n.9, 58-59.[12]

There is the matter of Jennings' theory that Hobbs Act Robbery is a species of common law robbery; that common law robbery requires only de minimis force; and that the Fourth

---

[12] It is worth noting that Jennings' reliance on Torres-Miguel to argue that "[p]lacing another in fear of injury-say by withholding medicine or food, for example-certainly does not require the use or threatened use of 'violent force'" is erroneous. See Def. Br. 13. In In re Irby, the Fourth Circuit observed: "Irby posits multiple hypothetical means for committing second-degree murder without applying direct force (for instance, convincing a person to expose themselves to hazardous chemicals), but [United States v. Castleman, 134 S. Ct. 1405 (2014)] forecloses the argument that indirect means of applying force are not a use of force. In Irby's hypothetical, it is enough that the individual intentionally acted to place the victim in the path of an inevitable force. Just as with the poisoner, 'it is the act of employing [chemicals] knowingly as a device to cause physical harm' that qualifies as the use of force." In re Irby, 858 F.3d 231, 236 (4th Cir. 2017) (citations omitted). Furthermore, the court explained that "the distinction we drew in Torres-Miguel between indirect and direct applications of force and our conclusion that poison 'involves no use or threatened use of force,' no longer remains valid in light of Castleman's explicit rejection of such a distinction." Id. at 238. Placing someone in fear of injury by withholding food or medicine would hence qualify as indirect use of force, and such conduct is certainly "capable of causing physical pain or injury to another person." See Evans, 848 F.3d at 245 (citations omitted).

17

Circuit has held that, in various states, robbery does not count as a crime of violence.

However, this argument suffers from the same flaw. As an initial matter, it is far from clear that the version of robbery that provided the basis for the Hobbs Act required only de minimis force. Compare Melgar-Cabrera, 2018 WL 2749713, at *8-9, and United States v. Pena, 161 F. Supp. 3d 268, 276-77 (S.D.N.Y. 2016), with Tyree, 2016 WL 7441715, at *3. Furthermore, the Fourth Circuit decisions that Jennings cites were entirely based upon the decisional law of the states whose crimes were at issue. See Winston, 850 F.3d at 685 (Virginia); Gardner, 823 F.3d at 804 (North Carolina). And, even among states in the Fourth Circuit, it is hardly a universal truth that robbery demands only de minimis force or cannot constitute a crime of violence. See United States v. Doctor, 842 F.3d 306, 308-312 (4th Cir. 2016) (holding that South Carolina robbery constitutes a crime of violence under the Force Clause of 18 U.S.C. § 924(e) because, inter alia, "there is no indication that South Carolina robbery by violence can be committed with minimal actual force"). Thus, we are essentially right back where we started: there is a "theoretical possibility" that Hobbs Act Robbery could cover conduct that is not a crime of violence under the Force Clause of 18 U.S.C. § 924(c), but Jennings has presented nothing to suggest a "realistic probability" that the Hobbs Act

would be enforced in such a manner. See Diaz, 865 F.3d at 178 (citations omitted).

In sum, the overwhelming majority of courts have found that Hobbs Act Robbery is categorically a crime of violence. Jennings offers no evidence of a realistic probability that the Hobbs Act would ever be enforced in such a way as to render that conclusion unwarranted. Consequently, the Court sees no reason to depart from the weight of authority on this issue.

## III. The Residual Clause

Because the Court holds that Hobbs Act Robbery is a crime of violence under the Force Clause, there is no need for it to address the constitutionality of the Residual Clause. Indeed, it would be inappropriate for the Court to do so. See Camreta v. Greene, 563 U.S. 692, 705 (2011) ("[A] 'longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.'" (citations omitted)). Accordingly, the Court declines the invitation to consider the issue.

## IV. Request to Stay the Proceedings

Jennings requests, in his reply brief, that the Court hold this motion in abeyance pending decisions in cases presently before the Fourth Circuit that may resolve the questions at issue here. Def. Reply Br. 1-2. He points to United States v.

Mathis, No. 16-4633; United States v. Ali, 15-4433; and United States v. Simms, 15-4640. Def. Reply Br. 1.

This Court has previously described the well-settled principles governing requests to stay proceedings:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Courtade v. United States, 243 F. Supp. 3d 699, 703-04 (E.D. Va. 2017) (citations omitted); see also McCrory v. North Carolina, 1:14-cv-65, 2014 WL 2048068, at *1 (W.D.N.C. May 19, 2014).

Oral argument will not occur in the cases cited by Jennings until the end of September, almost three months from now.[13] An opinion will likely not issue until several months thereafter. Thus, placing this motion in abeyance would require putting the case on hold for half a year or more. And, the overwhelming weight of authority supports the conclusion that Hobbs Act Robbery is a crime of violence under the Force Clause.

Given those circumstances, the Court is not willing to stay the proceedings. The delay here would be substantial. And, if

---

[13] Mathis and Ali have been placed in abeyance pending a decision in Simms, and oral argument in Simms is set for the September 25-28, 2018 argument session.

the analysis set forth herein turns out to be erroneous (which seems unlikely, given judicial consensus on the issue), it can be corrected at the post-trial or appeal stage.

This Court is often called upon to decide unsettled legal questions, and the Fourth Circuit is frequently in the process of resolving those questions while they are before this Court. If the Court waited until every legal issue was conclusively determined by binding authority, it could not function. Justice would be forever delayed and forever denied.

## CONCLUSION

For the reasons set forth above, Defendant's MOTION TO DISMISS COUNT TWO OF THE INDICTMENT (ECF No. 14) will be denied.

It is so ORDERED.

/s/ _R E P_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 6, 2018