

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.

              Criminal No. 3:18CR34

TERRAIL LAMONT JENNINGS,

  Petitioner.

**MEMORANDUM OPINION**

Terrail Lamont Jennings a federal inmate proceeding pro se, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ("§ 2255 Motion," ECF No. 62.) For the reasons set forth below, the Court will summarily dismiss Claim Three and will deny the § 2255 Motion.

**I. CLAIMS AND PROCEDURAL HISTORY FOR CLAIM THREE**

**A. Jennings's Claims**

In his § 2255 Motion, Jennings raises the following grounds for relief:[1]

Claim One: "Attorney was ineffective for not challenging [Jennings's] prior convictions." (ECF No. 62, at 4.)

Claim Two: "[Jennings] asserts that the judge violated his Six[th] Amendment right at sentencing" because the Court used his prior offenses to find him a career offender. (Id. at 5.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the punctuation and capitalization in the quotations from Jennings's submissions.

However, in the accompanying MOVANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. SECTION 2255, Jennings suggests for the first time that "Movant claims that his lawyer was ineffective for not filing a timely appeal." (ECF No. 63, at 5.) Although this is the only allegation pertaining to counsel's failure to file an appeal, the Government generously construed him to raise a third claim:

> Claim Three: "Defense counsel did not file notice of appeal." (ECF No. 69, at 4.)

**B. Expansion Of The Record**

By Memorandum Order entered on March 29, 2021 (ECF No. 84), the Court ordered that the record be expanded with respect to Claim Three. The Court explained as follows:

> An attorney's failure to file a requested appeal is per se ineffective assistance of counsel. See Roe v. Flores-Ortega, 528 U.S. 470, 483-86 (2000). The United States Court of Appeals for the Fourth Circuit has explained that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007).
> In Petitioner's Traverse to the Government's Opposition to Petitioner's Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 ("Traverse," ECF No. 77), Jennings takes advantage of the Government's generous construction of a third claim on his behalf, and for the first time, claims that he "explicitly directed counsel to file not only a notice of appeal but an appeal because his prior convictions did not qualify to make him a career offender and the sentence was illegal" (id. at 2), and that counsel refused (id. at 3). In his "Affidavit," Jennings also states that "counsel advise[d] that he would file the

2

notice of appeal and a motion to withdraw. He filed neither." (Id. at 4.)

Jennings reference to counsel as a "he" when Jennings appears to have been represented by Mary Maguire, casts doubt not only on the fact that Jennings drafted the affidavit but on the veracity of its contents. Moreover, Jennings provides little more than the legal standard for an ineffective assistance claim in his submissions. Accordingly, the Court ORDERS Jennings to file the following submissions, within thirty (30) days of the entry hereof:

1. Copies of any records or correspondence which supports his assertion that he conveyed to counsel his desire to file an appeal.
2. A statement reciting any communications Jennings had with counsel concerning Jennings's instructions to counsel regarding an appeal. The statement must include a verbatim account of what Jennings said to his attorney and the exact responses from his attorney. The statement must recite the date and locations of any conversations that took place. Additionally, Jennings must identify what efforts he made to ascertain whether his attorney had filed an appeal. Jennings must explain when and why he first suspected that counsel had not filed an appeal. Such statement must be in affidavit form and/or sworn under penalty of perjury.

Jennings's failure to comply with the above directives **will result in summary dismissal** of the action with respect to Claim Three. See Fed. R. Civ. P. 41(b).

The Government, understandably, did not obtain an affidavit from former defense counsel for Jennings, Mary Maguire, based on Jennings's vague, unsupported, allegations in his § 2255 Motion. Nevertheless, the Court finds it necessary to expand the record to include the following documents due to Jennings's expansion of his claim:

1. Within thirty (30) days of the filing of Jennings's submissions, Jennings's former counsel, Mary Maguire, is directed to provide the Government a sworn statement regarding her communications with Jennings concerning the pursuit of an appeal.
2. Additionally, Maguire shall provide the Government with copies of all documents in her

3

          possession, including correspondence to and from Jennings, regarding an appeal

3. Within fourteen (14) days of the filing of the above from Maguire, the Government is directed to file its response, including all information and documents provided by Maguire. The Government shall properly serve Jennings with the same.

(ECF No. 84, at 1-4 (alterations in original).)

On April 23, 2021, Jennings filed his response to the March 29, 2021 Memorandum Order. (ECF No. 86.) On June 22, 2021, the Government filed the UNITED STATES' MOTION FOR LEAVE TO FILE OUT-OF-TIME. (ECF No. 90.) That motion will be granted and the GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S CLAIM NUMBER THREE UNDER 28 U.S.C. § 2255 PURSUANT TO FED. R. CIV. P. 41(b) ("Motion to Dismiss Claim Three," ECF No. 89) will be considered as timely filed. For the reasons set forth below, the Motion to Dismiss Claim Three will be granted.

Jennings failed to submit any records or correspondence that would support his assertion that he conveyed to counsel his desire to appeal. More importantly, Jennings's response fails to comply with the specific directions outlined in the March 29, 2021 Memorandum Order. Jennings's statement contains a header stating, "The Following Submission Are Sworn To Under Penalty of Perjury." (ECF No. 86, at 1.) However, upon further inspection, Jennings never signed this statement, and it was clearly not handwritten by Jennings. Therefore, this statement fails to constitute an

4

affidavit or a submission sworn under penalty of perjury.[2] Thus, as the Court warned in its March 29, 2021 Memorandum Order, Jennings's failure to comply with the Court's directions compels the summary dismissal of Claim Three. See Fed. R. Civ. P. 41(b).

Accordingly, the Government's Motion to Dismiss Claim Three (ECF No. 89) will be granted. Claim Three will be dismissed.

## II. PROCEDURAL HISTORY FOR REMAINING CLAIMS

On March 6, 2018, a grand jury charged Jennings with Hobbs Act robbery (Count One) and use and carrying of a firearm during an in relation to a crime of violence (Count Two). (ECF No. 9, at 1-2.) On June 4 and 15, 2018, Jennings moved to dismiss Count Two of the Indictment and to suppress certain statements Jennings made to law enforcement. (ECF Nos. 14, 15, 20.) The Court denied the motion to dismiss Count Two (ECF Nos. 24, 25), and denied the suppression motion as moot (ECF No. 30).

---

[2] Further inspection of this filing shows that it was written by what appears to be a prison writ-writer who clearly files court documents on behalf of many inmates. Only the first four pages of this submission correspond to Jennings's § 2255 Motion. The submission also has drafts of filings for an inmate named Pete Lucero, directed to the United States Court of Appeals for the Fifth Circuit, and for Danyel Proctor, directed to the United States District Court for the Eastern District of North Carolina. (See ECF No. 86-1, at 1-5.) The handwriting and signatures in each of these filings is identical, and certainly demonstrates that Jennings neither drafted nor signed his allegedly sworn statement. A comparison of the handwriting in this response, with Jennings's signature on his § 2255 Motion (see ECF No. 62, at 8, 10), also confirms that Jennings did not sign this response.

Thereafter, Jennings agreed to plead guilty, and on August 28, 2018, the Government filed a Criminal Information charging Jennings with only Count One. (ECF No. 31.) The following day, Jennings waived indictment and entered into a Plea Agreement to Count One. (ECF Nos. 34, 35.) The accompanying Statement of Facts reflected that Jennings was involved in at least four different Hobbs Act robberies. (ECF No. 36 ¶¶ 1-5.) In his Plea Agreement, Jennings agreed that he understood that he faced a maximum sentence of twenty years for Count One. (ECF No. 35 ¶ 1.) Jennings agreed that "the Court has jurisdiction and authority to impose any sentence within the statutory maximum . . . ." (Id. ¶ 4.)

Before sentencing, the Probation Officer prepared a Presentence Investigation Report ("PSR," ECF No. 54). Jennings's Base Offense Level was 20. (Id. ¶¶ 21, 27, 33, 39.) However, Jennings received a 5-level enhancement under United States Sentencing Guideline ("USSG") § 2B3.1(b)(2(C) because he had "brandished or possessed a firearm," in each of the four robberies. (Id. ¶¶ 22, 28, 34, 40.) Pursuant to USSG § 3D1.4, Jennings's offense level was increased 5 levels because he committed four robberies, for a Combined Adjusted Offense Level of 29. (Id. ¶¶ 47-48.) Jennings also received a Chapter Four, career offender enhancement because the "offense of conviction [was] a felony that [was] either a crime of violence or a controlled substance offense; and [Jennings] has at least two prior felony convictions of either

6

a crime of violence or a controlled substance offense." (Id. ¶ 49.) The two prior felony offenses were Virginia state convictions for Manufacture, Sale, Distribute Controlled Substance in 2011 for which Jennings had received a five-year sentence, and Possession of Cocaine with Intent to Distribute in 2015 for which he had received a ten-year sentence. (Id. ¶¶ 60, 61.) The offense level was reduced by three for acceptance of responsibility. Therefore, the Total Offense Level was 29. (Id. ¶ 52.) With a Criminal History Category of VI (id. ¶ 68), Jennings's sentencing guidelines range called for 151 to 188 months of incarceration.

The Court sentenced Jennings at the bottom of the guidelines range to 151 months of imprisonment. (ECF No. 59.) Jennings did not appeal.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance component of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689).

The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In Claim One, Johnson contends that his "[a]ttorney was ineffective for not challenging [Jennings's] prior convictions." (ECF No. 62, at 4.) Specifically, Johnson argues that when he "was sentence[d] his attorney told him he was a career offender and that he could not challenge his prior convictions." (Id.)[3] However, Johnson's contention that counsel failed to challenge his career offender status is completely belied by the record. Counsel filed multiple, lengthy, objections to the probation officer's finding that Jennings was a career offender. Counsel summarized her arguments as follows:

> Mr. Jennings objects to the probation officer's conclusion that he qualifies as a career offender because the instant offense, Hobbs Act Robbery, is not

---

[3] In his unsworn response, Jennings states that he has someone helped him draft his § 2255 Motion and that person "misinterpreted the 'she' for a 'he.'" (ECF No. 86, at 2.)

8

a crime of violence under U.S.S.G. § 4B1.2.[4] Even if the Court finds the instant offense of conviction is a crime of violence, Mr. Jennings is not a career offender because his two prior state convictions do not qualify as Controlled Substance Offenses under U.S.S.G. § 4B1.2. (PSR ¶ 49.) Regarding factual predicates, the "burden is on the government to prove by a preponderance of the evidence that the sentencing enhancement should be applied." United States v. Steffen, 741 F.3d 411, 411 (4th Cir. 2013).

(ECF No. 44, at 1.) Counsel also moved for a downward variance of 120 months. (ECF No. 47.) Those arguments were ultimately not successful because Jennings truly qualified for a career offender enhancement, but that does not mean that counsel's performance was deficient. In any event, Jennings has not identified with the requisite specificity on any other ground on which counsel could have objected to the determination that he was a career offender. Accordingly, Jennings does not demonstrate any deficiency of counsel or that he suffered any resulting prejudice. Claim One will be dismissed.

## IV. CLAIM TWO IS BARRED FROM REVIEW

In Claim Two, "[Jennings] asserts that the judge violated his Six[th] Amendment right at sentencing" because the Court used his prior offenses to find him a career offender. (ECF No. 62, at 5.) The Court need not flesh out this argument because, absent a

---

[4] Mr. Jennings acknowledges that this Court has previously found Hobbs Act Robbery to be a crime of violence. United States v. Jennings, 2018 U.S. Dist. LEXIS 112919 (E.D Va. 2018).

9

showing of cause and prejudice or actual innocence, the procedural default rule bars Claim Two from review here for the reason that Jennings could have raised, but did not raise, this claim on direct appeal. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982); see also United States v. Linder, 552 F.3d 392, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But [she] is precluded from raising claims that are the sort that could have been raised on appeal"). Jennings fails to show cause and prejudice or actual innocence.[5] Accordingly, Claim Two is barred from review here and will be dismissed.[6]

---

[5] To the extent that Jennings faults counsel for not filing an appeal, he cannot show any prejudice. As discussed below in n.6, Claim Two is completely lacking in merit.

[6] Even if the Court were to find that Claim Two was not barred from review, it would be dismissed for other reasons. First, Jennings is not permitted to challenge a guidelines enhancement on collateral review, and that is the extent of his argument in Claim Two. See United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015). Again, Claim Two could be dismissed solely on that ground. Jennings other arguments under Claim Two are a bit more convoluted. To the extent that Jennings believes that Johnson v. United States, 576 U.S. 591 (2015) and its progeny somehow entitle him to relief, this claim fails because Jennings was not convicted of an offense under 18 U.S.C. § 924(c), and the Supreme Court has "concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause." United States v. Lee, 855 F.3d 244, 246 (4th Cir. 2017) (citing Beckles v. United States, 137 S. Ct. 886, 892 (2017). Moreover, the United States Court of Appeals for the Fourth Circuit has specifically found that Hobbs Act robbery is a

V.   CONCLUSION

The UNITED STATES' MOTION FOR LEAVE TO FILE OUT-OF-TIME (ECF No. 90) will be granted, and the Motion to Dismiss Claim Three will be deemed timely filed. For the reasons set forth above, the Motion for Dismiss Count Three (ECF No. 89) will be granted. Claim Three will be dismissed. Counts One and Two also are dismissed for the reasons set out above. Thus, the § 2255 Motion (ECF No. 62) will be denied. The action will be dismissed with prejudice. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Jennings and counsel of record.

It is so ORDERED.

                                          /s/    *REP*
                                   Robert E. Payne
                                   Senior United States District Judge

Richmond, Virginia
Date: July 20, 2021

---

crime of violence. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Finally, the Court properly found Jennings's two Virginia drug trafficking offenses under Va. Code Ann. § 18.2-248, were "controlled substance offenses" under USSG § 2K2.1(a)(2) and §4B1.2(b) and that based on these convictions, that he was a career offender. Cf. United States v. Pritchett, 733 F. App'x 128, 129 (4th Cir. 2018).